IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

DO DROP INN, INC.

Plaintiff,

v.

NATIONWIDE LLOYDS,

Defendant.

---

### NOTICE OF REMOVAL

---

Defendant Nationwide Lloyds ("Nationwide"), by and through its attorneys, Gordon & Rees LLP, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal of the above-captioned action from the District Court for the County of Pueblo, Colorado to the United States District Court for the District of Colorado. In support of this Notice of Removal, Nationwide states as follows:

1. On February 22, 2018, plaintiff filed a Complaint and Jury Demand against Nationwide in the District Court for Pueblo County, Colorado, captioned *Do Drop Inn, Inc. v. Nationwide Lloyds*, Case No. 2018CV30113 (the "State Court Case"). Prior to filing the Complaint and Jury Demand, plaintiff served a copy of the summons and complaint on Nationwide's registered agent on February 7, 2018.

2. A copy of the Complaint and Jury Demand is attached and incorporated as **Exhibit A.** A copy of the District Court Civil Case Cover Sheet filed in the State Court Case is attached and incorporated as **Exhibit B.**

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. (*See* Ex. A, ¶ 9, stating the "[d]amage to the Properties is currently estimated at $95,251.01 and $85,634.71" and plaintiff "prays for Judgment in its favor and against Nationwide Lloyds for compensatory damages in an amount that will fully compensate for all of its injuries, damages and losses; statutory damages equal to two times the covered benefit; reasonable attorney fees and costs; interest on such sums as is provided by law". *See also* Ex. B at p. 2, "[plaintiff is seeking] [a] monetary judgment over $100,000").

4. Removal is appropriate here because there is complete diversity between the parties. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

5. Plaintiff is a corporation located in Colorado. (Ex. A, ¶ 1).

6. At all relevant times, Nationwide was, and is, a foreign corporation domiciled in the state of Texas, with its principal place of business in Ohio. *See* Texas Department of Insurance, attached and incorporated as **Exhibit C**.

7. No change of citizenship of the parties has occurred since the commencement of this action. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between plaintiff and Nationwide.

8. This Court has diversity jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001). The amount in controversy must be determined by

the allegations contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where the complaint is inconclusive regarding the amount of damages sought, the Court may look to other sources to demonstrate jurisdictional facts, including "'contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence. . . about how much it would cost to satisfy the plaintiff's demands.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (Easterbrook, J.).

        9.     The amount in controversy here exceeds $75,000. Plaintiff seeks double damages under C.R.S. §§ 10-3-1115 and 10-3-1116, attorneys' fees and costs that may be awarded under that claim, and any damages that might be awarded under plaintiff's common law bad faith claim. The Complaint alleges that Nationwide breached the insurance policy it issued to plaintiff by "failing to pay the full amount due under the contract and by failing to act reasonably and in good faith in investigating and resolving [plaintiff's] claims." (Ex. A at ¶¶ 16). Plaintiff claims the amount of the breach of contract totals $180,885.72. *See* Ex. A, ¶ 9, stating the "[d]amage to the Properties is currently estimated at $95,251.01 and $85,634.71". If plaintiff prevails on its breach of contract claim, and receives double damages under C.R.S. §§ 10-3-1115 and -1116, it will recover at least $75,000, plus attorneys fees and costs incurred in this litigation.

        10.    Courts in this district have concluded that the amount in controversy exceeds the jurisdictional amount when an insured brings a claim for breach of contract and also seeks to recover double the amount of the covered benefit pursuant to C.R.S. § 10-3-1116, plus attorneys' fees. *See Cox v. Lincoln Nat'l Life Ins. Co.*, 2010 U.S. Dist. LEXIS 134517, *10 (D. Colo. Dec.

9, 2010) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 51240, *9-10 (D. Colo. Mar. 18, 2013) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal). Thus, plaintiff's claims for attorneys' fees are properly considered in determining the amount in controversy. *Washington*, 2013 U.S. Dist. LEXIS 51240, *10-11; *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (finding that "[t]he Supreme Court has long held that when a statute permits recover of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."). In this district, it is not unusual for attorney fee claims in first-party insurance bad faith cases to exceed $100,000. *See Etherton v. Owners Ins. Co.*, 2015 U.S. Dist. LEXIS 24765 (D. Colo. Mar. 2, 2015) (awarding plaintiff $175,170.00 in attorneys' fees); *Adamscheck v. Am. Family Mut. Ins.*, 2015 U.S. Dist. LEXIS 36979 (D. Colo. Mar. 24, 2015) (awarding $122,936 in attorneys' fees).

11. Thus, when plaintiff's claims for breach of contract, double damages, and attorneys' fees are combined, exclusive of interest and costs, the amount in controversy exceeds the $75,000 minimum.

12. The State Court Case Civil Case Cover Sheet provides further evidence that plaintiff value its claims in excess of the jurisdictional limit. Plaintiff indicated on the Civil Case Cover Sheet that the case was not governed by Colorado's simplified procedure pursuant to Colo. R. Civ. P. 16.1 because "a monetary judgment over $100,000 is sought by any party against any other single party. . . ." (Ex. B). The Tenth Circuit Court of Appeals has concluded

that a civil case coversheet is an "other paper" and, therefore, provides an appropriate basis to support the jurisdiction amount in controversy for purposes of removal. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

13. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing a Notice of Removal from the District Court for Pueblo County, Colorado, where the State Court Case is currently pending.

14. The State Court Case is one which may be removed by Nationwide pursuant to 28 U.S.C. § 1441(a).

15. This Notice of Removal is filed within thirty (30) days of service of the Complaint on Nationwide on February 7, 2018, and is timely under 28 U.S.C. § 1446(b)(1).

16. Pursuant to D.C.Colo.LCivR 81.1, the undersigned certifies that as of the date of this filing, no hearing has been set in the State Court Case.

17. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office. Within fourteen days of the filing of this Notice of Removal, Nationwide will file a current state court docket sheet (register of actions) and will separately file any pending motion, petition, and related response, reply, and brief. Copies of the state court Complaint, Civil Case Cover Sheet, and any Answers or Returns of Service, or orders served upon Nationwide are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

WHEREFORE, Defendant Nationwide Lloyds respectfully requests that the Court accept this Notice of Removal, assume jurisdiction over this matter, and issue such further orders and process as may be necessary to bring before it all parties for trial.

- 6 -

Dated this 28th day of February, 2018.

                                              /s/  Christine M. Kroupa
                                             John M. Palmeri
                                             Christine M. Kroupa
                                             **GORDON & REES LLP**
                                             555 Seventeenth Street, Suite 3400
                                             Denver, Colorado 80202
                                             (303) 534-5160
                                             jpalmeri@grsm.com
                                             ckroupa@grsm.com
                                             ATTORNEYS FOR DEFENDANT

- 7 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 28th day of February, 2018, addressed to:

Chad T. Wilson
CHAD T. WILSON LAW FIRM, PLLC
1001 Bannock Street, Suite 239
Denver, CO  80204
ctwilson@cwilsonlaw.com
*Attorney for Plaintiff*

            */s/  Christine M. Kroupa*
John M. Palmeri
Christine M. Kroupa
**GORDON & REES LLP**
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
(303) 534-5160
jpalmeri@grsm.com
ckroupa@grsm.com
ATTORNEYS FOR DEFENDANT