| | |
|---|---|
| DISTRICT COURT<br>PUEBLO COUNTY, COLORADO<br><br>501 North Elizabeth Street<br>Pueblo, Colorado 81003<br><br>Plaintiff:   Do Drop Inn, Inc.<br><br>v.<br><br>Defendant:   Nationwide Lloyds | DATE FILED: February 22, 2018 12:26 PM<br>FILING ID: 19873F6529169<br>CASE NUMBER: 2018CV30113<br><br><br><br><br><br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br>Chad T. Wilson, #50736<br>Chad T. Wilson Law Firm, PLLC<br>1001 Bannock Street, Suite 433<br>Denver, Colorado 80204<br>Phone:   (303) 495-3999<br>Fax:   (281) 940-2137<br>Email:   eservice@cwilsonlaw.com | Case Number:   2018CV<br><br><br><br><br>Division             Courtroom |
| <div align="center">**COMPLAINT AND JURY DEMAND**</div> ||

COMES NOW PLAINTIFF, Do Drop Inn, Inc., by and through its attorneys, Chad T. Wilson Law Firm, PLLC, and Complains against the above named Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Do Drop Inn, Inc., is a company located in Pueblo County, Colorado.

2. Upon information and belief, Defendant, Nationwide Lloyds, is a corporation authorized to do business in Colorado.

3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

4. Venue is proper in Pueblo County, pursuant to C.R.C.P 98.

### GENERAL ALLEGATIONS

5. Nationwide Lloyds (hereinafter "Nationwide" or "Defendant") issued Policy Number ACP BPF 3026752422 (hereinafter the "Policy") to Do Drop Inn, Inc. (hereinafter "Do Drop Inn" or "Plaintiff") insuring properties located at 944 East Kimble Drive, Pueblo, Colorado 81007 and 1201 South Santa Fe Avenue, Pueblo, Colorado 81006 (hereinafter the "Properties") at all times relevant herein.

6. Do Drop Inn was the direct beneficiary of a valid policy of insurance purchased from Nationwide which provided coverage for hail, wind, and storm damage sustained by the Properties as a result of a storm that occurred on or about March 24, 2017.

7. In order to repair the damaged Properties, Do Drop Inn filed a claim with Nationwide shortly after sustaining the Properties damage. Nationwide acknowledged the claim and assigned it number 908465-GE.

8. Nationwide then hired or employed their adjuster to adjust the claim. Nationwide's adjuster, on behalf of Nationwide, initially inspected the Properties on or about April 24, 2017. In total, Nationwide's adjuster found $2,420.24 and $1,457.30 in damages to the Properties. After application of the policy deductible and withholding for depreciation, Do Drop Inn was left without any recovery to make proper repairs to the Properties.

9. Despite Nationwide's intentionally low damage estimate, the storm caused severe damage to the roof and exterior of the home. The storm also compromised the integrity of the roof causing water to enter the Properties, which damaged the kitchen, living room, and dining room. Damage to the Properties is currently estimated at $95,254.01 and $85,634.71.

10. Although Do Drop Inn provided to Nationwide the necessary documentation evidencing its losses and establishing Nationwide's obligation to pay for those losses, Nationwide has refused to pay Do Drop Inn the full benefits due under their Policy.

11. These actions by Nationwide were taken in bad faith, with the intent of delaying payment and reducing the covered benefit that Nationwide would have to pay on the damage claims submitted by Do Drop Inn.

12. Nationwide's actions constitute a breach of the express duties set forth in the Policy as well as the implied contractual duties of good faith and fair dealing that Nationwide owes to Do Drop Inn.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

13. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14. The Policy issued by Nationwide contained an express or implied covenant of good faith and fair dealing.

15. Do Drop Inn paid premiums and otherwise performed all conditions precedent to recovery of benefits under the contract.

16. Nationwide breached the express and implied terms of the insurance contract by failing to pay the full amount due under the contract and by failing to act reasonably and in good faith in investigating and resolving the Do Drop Inn' claims.

17. As a direct, immediate and proximate result of Nationwide's breaches of contract, Do Drop Inn has suffered injuries, damages, and losses, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

18. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19. Nationwide entered into an insurance contract with Do Drop Inn and issued a policy that provided coverage for Property damage.

20. Do Drop Inn paid premiums and otherwise performed its obligations under its insurance contract with Nationwide.

21. As an insurer, Nationwide owed certain general duties to its insured, including the duty of good faith and fair dealing, the duty to timely and fully investigate insurance claims, the duty to communicate with the insured, and the duty to attempt to reasonably settle the claims.

22. Nationwide breached these duties to Do Drop Inn by delaying or denying payment of covered benefits without a reasonable basis.

23. Nationwide acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Failing to properly investigate and evaluate Plaintiff's claims for Policy Benefits;
    b. Failing to pay Plaintiff the full benefits owed under the Policy;
    c. Failing to pay amounts under the Policy in a timely manner;
    d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims;
    e. Failure to give equal consideration to Plaintiff's rights and interests as it has given its own interests;
    f. Depriving Plaintiff of the benefits and protections of the contract of insurance;
    g. Compelling Plaintiff to institute litigation in order to recover amounts due under the Policy; and
    h. Other conduct to be revealed through discovery.

## THIRD CLAIM FOR RELIEF
### (Statutory Bad Faith Pursuant to C.R.S. §§ 10-3-1113(3), 1115, 1116)

24. Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

25. Plaintiff was and is a first-party claimant who was owed benefits directly or on behalf of an insured under an insurance policy.

26. Nationwide accordingly had a statutory duty not to unreasonably delay or deny benefits to Plaintiff.

27. Nationwide delayed or denied payment of covered benefits to Plaintiff without a reasonable basis for that action.

28. As a direct and proximate result of Nationwide's unreasonable delay and denial, Plaintiff has suffered injuries, damages, and losses in an amount to be proven at trial.

29. Plaintiff is entitled to all remedies allowed by C.R.S. § 10-3-1116, including two times the covered benefit, reasonable attorney fees, and court costs.

WHEREFORE, Do Drop Inn, Inc. prays for Judgment in its favor and against Nationwide Lloyds for compensatory damages in an amount that will fully compensate for all of its injuries, damages and losses; statutory damages equal to two times the covered benefit; reasonable attorney fees and costs; interest on such sums as is provided by law; and such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 21st day of February, 2018.

Respectfully Submitted,

*/s/ Chad T. Wilson*
Chad T. Wilson #50736
ATTORNEY FOR PLAINTIFF
A printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.