IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| DO DROP INN, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 1:2018-cv-00503 |
| NATIONWIDE LLOYDS, | § § | (Jury) |
| *Defendants*. | § § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW PLAINTIFF, Do Drop Inn, Inc., by and through its attorneys, Chad T. Wilson Law Firm, PLLC, and Complains against AMCO Insurance Company as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Do Drop Inn, Inc., is a company located in Pueblo County, Colorado.

2. Upon information and belief, Defendant, Amco Insurance Company, is a corporation authorized to do business in Colorado.

3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

## GENERAL ALLEGATIONS

4. Amco Insurance Company (hereinafter "AMCO" or "Defendant") issued Policy Number ACP BPF 3026752422 (hereinafter the "Policy") to Do Drop Inn, Inc. (hereinafter "Do Drop Inn" or "Plaintiff") insuring properties located at 944 East Kimble Drive, Pueblo,

Colorado 81007 and 1201 South Santa Fe Avenue, Pueblo, Colorado 81006 (hereinafter the "Properties") at all times relevant herein.

5. Do Drop Inn was the direct beneficiary of a valid policy of insurance purchased from AMCO which provided coverage for hail, wind, and storm damage sustained by the Properties as a result of a storm that occurred on or about March 24, 2017.

6. In order to repair the damaged Properties, Do Drop Inn filed a claim with AMCO shortly after sustaining the Properties damage. AMCO acknowledged the claim and assigned it number 908465-GE.

7. AMCO then hired or employed their adjuster to adjust the claim. AMCO's adjuster, on behalf of AMCO, initially inspected the Properties on or about April 24, 2017. In total, AMCO's adjuster found $2,420.24 and $1,457.30 in damages to the Properties. After application of the policy deductible and withholding for depreciation, Do Drop Inn was left without any recovery to make proper repairs to the Properties.

8. Despite AMCO's intentionally low damage estimate, the storm caused severe damage to the roof and exterior of the home. The storm also compromised the integrity of the roof causing water to enter the Properties, which damaged the kitchen, living room, and dining room.   Damage to the Properties is currently estimated at $95,254.01 and $85,634.71.

9. Although Do Drop Inn provided to AMCO the necessary documentation evidencing its losses and establishing AMCO's obligation to pay for those losses, AMCO has refused to pay Do Drop Inn the full benefits due under their Policy.

10. These actions by AMCO were taken in bad faith, with the intent of delaying payment and reducing the covered benefit that AMCO would have to pay on the damage claims submitted by Do Drop Inn.

11. AMCO's actions constitute a breach of the express duties set forth in the Policy as well as the implied contractual duties of good faith and fair dealing that AMCO owes to Do Drop Inn.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

12. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

13. The Policy issued by AMCO contained an express or implied covenant of good faith and fair dealing.

14. Do Drop Inn paid premiums and otherwise performed all conditions precedent to recovery of benefits under the contract.

15. AMCO breached the express and implied terms of the insurance contract by failing to pay the full amount due under the contract and by failing to act reasonably and in good faith in investigating and resolving the Do Drop Inn' claims.

16. As a direct, immediate and proximate result of AMCO's breaches of contract, Do Drop Inn has suffered injuries, damages, and losses, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Bad Faith Breach of Insurance Contract)

17. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

18. AMCO entered into an insurance contract with Do Drop Inn and issued a policy that provided coverage for Property damage.

19. Do Drop Inn paid premiums and otherwise performed its obligations under its insurance contract with AMCO.

20. As an insurer, AMCO owed certain general duties to its insured, including the duty of good faith and fair dealing, the duty to timely and fully investigate insurance claims, the duty to communicate with the insured, and the duty to attempt to reasonably settle the claims.

21. AMCO breached these duties to Do Drop Inn by delaying or denying payment of covered benefits without a reasonable basis.

22. AMCO acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

   a. Failing to properly investigate and evaluate Plaintiff's claims for Policy Benefits;

   b. Failing to pay Plaintiff the full benefits owed under the Policy;

   c. Failing to pay amounts under the Policy in a timely manner;

   d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims;

   e. Failure to give equal consideration to Plaintiff's rights and interests as it has given its own interests;

   f. Depriving Plaintiff of the benefits and protections of the contract of insurance;

   g. Compelling Plaintiff to institute litigation in order to recover amounts due under the Policy; and

   h. Other conduct to be revealed through discovery.

### THIRD CLAIM FOR RELIEF

**(Statutory Bad Faith Pursuant to C.R.S. §§ 10-3-1113(3), 1115, 1116)**

23. Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

24. Plaintiff was and is a first-party claimant who was owed benefits directly or on behalf of an insured under an insurance policy.

25. AMCO accordingly had a statutory duty not to unreasonably delay or deny benefits to

Plaintiff.

26. AMCO delayed or denied payment of covered benefits to Plaintiff without a reasonable basis for that action.

27. As a direct and proximate result of AMCO's unreasonable delay and denial, Plaintiff has suffered injuries, damages, and losses in an amount to be proven at trial.

28. Plaintiff is entitled to all remedies allowed by C.R.S. § 10-3-1116, including two times the covered benefit, reasonable attorney fees, and court costs.

## PRAYER

WHEREFORE, Do Drop Inn, Inc. prays for Judgment in its favor and against Amco Insurance Company for compensatory damages in an amount that will fully compensate for all of its injuries, damages and losses; statutory damages equal to two times the covered benefit; reasonable attorney fees and costs; interest on such sums as is provided by law; and such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 13th day of March, 2018.

Respectfully Submitted,

*/s/ Chad T. Wilson*
Chad T. Wilson #50736
Pat McGinnis
1001 Bannock Street, Ste 433
Denver, Colorado 80204
Phone: (303) 495-3999
Fax:    (218) 940-2137

 eservice@cwilsonlaw.com
 ctwilson@cwilsonlaw.com
 pmcginnis@cwilsonlaw.com

 ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 13th day of March, 2018, addressed to:

Christine M. Kroupa
John M. Palmeri
Gordon & Ress, LLP
555 Seventeenth Street, Ste 3400
Denver, Colorado 80202
(303) 534-5160
ckroupa@grsm.com
jpalmeri@grsm.com
ATTORNEYS FOR DEFENDANT

/s/ Chad T. Wilson
Chad T. Wilson
Pat McGinnis
1001 Bannock Street, Ste 239
Denver, Colorado 80204
eservice@cwilsonlaw.com
ctwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com